No. 12,888.

STATE OF LOUISIANA EX REL. MRS. LENA FORSTALL VS. HON. FRED. D. KING, JUDGE OF THE CIVIL DISTRICT COURT, DIVISION B.

The relatrix having set out as grounds for relief by *certiorari* that the respondent judge had not passed upon a plea to the jurisdiction and other pleas in the course of his decision of a cause pending before him, and the proof made by his return shows that he had in point of fact passed upon and decided said pleas, said relief will be refused.

ON APPLICATION for a Writ of *Certiorari*.

*Dinkelspiel & Hart* (*J. Paris Childress* of Counsel) for Relatrix.

Respondent Judge *pro se; Robert G. Dugué* for C. J. Meyer, Respondent.

Submitted on briefs June 25, 1898.
Opinion handed down June 30, 1898.

State ex rel. Forstall vs. Judge.

The opinion of the court was delivered, by

WATKINS, J. The grounds stated for relief are the following, viz.:

That in the suit of C. J. Meyer vs. Lena Forstall, in the Fourth City Court, relatrix, as the party defendant, was sued for the possession of the premises No. 862 St. Charles street, city of New Orleans.

That the plaintiff made no allegation as to whether he claimed the premises as owner or lessee; nor what the rental value of the premises were; nor that she was tenant under contract of lease; nor that she had defaulted in the payment of rent; nor that he had given her a legal notice to vacate the premises leased.

That she excepted to said proceedings on the ground that the Fourth City Court was without jurisdiction *ratione materiæ*, and also set up her lease of the property for the term of one year from the 9th of October, 1897, at a monthly rental of seventy-five dollars, and that, consequently, the amount due under the unexpired term of her lease exceeded the sum of one hundred dollars, an amount in excess of the jurisdiction of that court.

That, nevertheless, judgment was rendered against her therein in favor of the plaintiff, from which she prosecuted an appeal to the respondent's court suspensively.

That in the appellate court, the relatrix filed a plea of prematurity, but that on the final trial of said cause, the respondent affirmed the judgment without passing on said exception, or her plea to the jurisdiction of the court of first instance.

That during the progress of the trial of said cause plaintiff amended his claim in certain particulars, and thereupon proof was administered, but same was subsequently withdrawn with the consent of the court; and that she thereafter moved the court to strike out the evidence thus adduced, but unsuccessfully, and the respondent considered said evidence in violation of her rights.

Thereupon, the contention of the relatrix is, that she was entitled to have had her exceptions to the jurisdiction and prematurity passed upon; and she avers that the respondent exceeded its powers in considering evidence which had been tendered and received under an amendment which had been discontinued before the rendition of judgment therein.

That such proceedings are radically null, and vitiate and render null the proceedings had thereunder.

It is to remedy and redress the alleged illegalities in the aforesaid proceedings that the writ of *certiorari* was applied for.

The respondent makes the following return, viz.:

That the suit described was brought to his court on a suspensive appeal, and that same was tried, decided and the judgment of the lower court was reversed and one rendered in favor of the plaintiff; and that he so decided on the ground that the testimony adduced was not sufficient to show the relation of landlord and tenant between the plaintiff and the defendant in that suit, and hence did not establish that the city court had jurisdiction of the case, etc.

That upon a proper showing, a new trial was granted, and, upon the second trial, he pronounced an exactly opposite judgment, which resulted in the affirmance of the judgment which was appealed from —"the evidence having established, to respondent's satisfaction, that the defendant  *  *  *  occupied the plaintiff's premises as a tenant under a lease by the month at eighty-three dollars and thirty-three cents per month; that she had not paid her rent for several months; that she had been duly and seasonably served with a notice to vacate, prior to the instituting of this suit; that her landlord, the plaintiff, desired and was entitled to the possession of his property; that the city court had jurisdiction of the demand, and that its judgment was correct and ought to be affirmed."

His return further states, that " separate judgments were not rendered on the exceptions of prematurity and want of jurisdiction, because the relatrix did not ask for separate rulings upon them; did not ask for any ruling at all upon them. But they were passed upon nevertheless.

He further represents, that it is the rule and custom of his court, " in trying appeals from city courts, to take up and try together all pleas, defences, etc., made in the cause, and to pass judgment on the whole at one and the same time. This was done in this case without objection; and the court, when it affirmed the judgment appealed from, decided the exceptions of prematurity and want of jurisdiction were not well taken. That judgment, in terms, dismissed the exception to the jurisdiction, and it is that judgment which was affirmed."

With regard to the ground taken in respect to the amendment of the pleadings and the evidence thereon taken, the respondent's statement is, that it was made as plaintiff's counsel supposed for the

accommodation, and at the request of the defendant's counsel; but upon his dissent from that proposition, same was promptly withdrawn.

He further states that the amendment was a purely formal one and therefore, in his opinion, altogether an unnecessary one.

The return has furnished a complete answer to all the grounds on which relief is demanded.

It is therefore ordered and decreed that our preliminary writ be set aside, and the demands of the relatrix be refused at her costs.